FILED 15 JUN '22 10:14 USDC-ORP

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

Portland _____ DIVISION

Derek Bluford

*(Enter full name of plaintiff)*

Plaintiff,

v.

Mr. Brent Cray

Mrs. Ayala - Pena

_____

*(Enter full name of ALL defendant(s))*

Defendant(s).

Civil Case No. 3:22-cv-00874-SI _____

(to be assigned by Clerk's Office)

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (PRISONER COMPLAINT)

Jury Trial Demanded

☑Yes    ☐No

## I. PARTIES

*List your name, address, and telephone number below, and the same information for each defendant. Make sure that the defendant(s) listed below are identical to those contained in the caption of the complaint. Attach additional sheets of paper if necessary.*

**Plaintiff**    Name: Derek Bluford

Street Address: FCI Sheridan, P.O. Box 5000

City, State & Zip Code: Sheridan, OR 97378

Telephone No.: n/a

Complaint for Violation of Civil Rights (Prisoner Complaint)    1
[Rev. 01/2018]

**Defendant No. 1**    Name: _Mr. Brent Cray_

                    Street Address: _P.O. Box 8000_

                    City, State & Zip Code: _Sheridan, OR 97378_

                    Telephone No.: _Unknown_
                    ✱ Being sued in his Individual Capacity

**Defendant No. 2**    Name: _Mrs. Ayala - Pena_

                    Street Address: _P.O. Box 8000_

                    City, State & Zip Code: _Sheridan, OR 97378_

                    Telephone No.: _Unknown_
                    ✱ Being sued in her Individual Capacity

**Defendant No. 3**    Name: _____

                    Street Address: _____

                    City, State & Zip Code: _____

                    Telephone No.: _____

**Defendant No. 4**    Name: _____

                    Street Address: _____

                    City, State & Zip Code: _____

                    Telephone No.: _____

## II.  BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.  You are bringing suit against (*check all that apply*):

      ☑ Federal officials (a *Bivens* claim)

      ☐ State or local officials (a § 1983 claim)

B.  What federal constitutional, statutory, or treaty right(s) is/are at issue?

Equal Protection Act; Due Process; Cruel and Unusual Punishment; Petition the Government for Redress of grievances (1st, 5th, and 14th Amendment); and the Americans with Disabilities Act.

### III.  STATEMENT OF CLAIMS

#### Claim I

*State here as briefly as possible the facts of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

See attachment(s) Claims 1-10

#### Claim II

*State here as briefly as possible the facts of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

See attachment(s) Claims 1-10

Complaint for Violation of Civil Rights (Prisoner Complaint)    3
[Rev. 01/2018]

_____

_____

_____

_____

_____

_____

_____

_____

### Claim III

*State here as briefly as possible the facts of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

See attachment(s) Claims 1-10
_____

_____

_____

_____

_____

_____

_____

_____

_____

*(If you have additional claims, describe them on another piece of paper, using the same outline.)*

Complaint for Violation of Civil Rights (Prisoner Complaint)                    4
[Rev. 01/2018]

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

I have filed for administrative relief as to all claims in Section III and have concluded all administrative appeals available to me.

☑Yes          ☐No

## V.  RELIEF

*State briefly exactly what you want the court to do for you and the amount, if any, of monetary compensation you are seeking.  Make no legal arguments.  Cite no cases or statutes.*

- Plaintiff is requesting that the court find the Defendants liable and order each of them to pay the Plaintiff $150,000.00 each, plus any punitive damages that the court deem fair (including any other damage types).
- Plaintiff also request an Injunction, ordering BOP to implement a new grievance process that does not include having to get forms from staff, and that an internal investigation be brought against Mr. Cray and Mrs. Ayala-Pena for their actions in this case. Plaintiff also request that the injunction include him being re-scored and moved to a camp.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this  12  day of  June         , 20 22

D   B
*(Signature of Plaintiff)*

Complaint for Violation of Civil Rights (Prisoner Complaint)                    5
[Rev. 01/2018]

Claim 1

On May 20, 2021, Derek Bluford, a non-violent offender, to whom will be referred to as "Plaintiff" from hereonin, self-surrendered himself to the custody of the Federal Bureau of Prisons- Federal Correctional Institution of Sheridan, Oregon, to whom will be referred to as "FCI Sheridan" from hereonin, to begin his sentence.

Upon being processed and assigned to the Unit 2 Housing, the Plaintiff was introduced to the Correctional Counselor of that unit - Brent Cray, to whom will be referred to as "Mr. Cray" from hereonin. For an unknown reason, Plaintiff observed and witnessed Mr. Cray inform and request that the Plaintiff be housed in the "Special Housing Unit", to which will be referred to as "The SHU" from hereonin, since he (Mr. Cray) didn't have any rooms for a "black", and to just put on the paperwork that the Plaintiff was being placed in the SHU "pending classification".

The Plaintiff claims that for Mr. Cray to have reassigned him to the "SHU, was not only discriminatory (violating the Equal Protection Clause), but also cruel and unusual punishment (violating the Eight Amendment).

While the Plaintiff was housed in the SHU, he suffered depression, anxiety and other damage. Plaintiff was not only segregated from the general population, but subject to the same restrictions of those inmates in punishment (being housed in the SHU) for violence within FCI Sheridan and awaiting new criminal charges and other disciplinary action.

To an extreme, the Plaintiff was placed into a "SuperMax Cell", where his room lights remained on 24 hours per day, and the temperature set low.

After several weeks of the Plaintiff being housed in the SHU unlawfully, staff grew concerned and offered the Plaintiff to be housed temporary in another housing unit (Unit 1A). The Plaintiff was moved to Unit 1A, and then moved again several days later into his assigned housing unit (2A), where he was immediately housed in a "black" cell.

During the Plaintiffs entire time while housed in the general population, he was only allowed to be housed with other "black" inmates, despite his many request to Mr. Cray, and the Unit 2 Case Manager, Mrs. Ayala-Pena, to whom will be referred to as Mrs. Ayala-Pena from hereonin.

Racial segregation is a practice that both Mr. Cray and Mrs. Ayala-Pena are aware of, implement, and manage. Plaintiff will prove this by FCI Sheridan records, and security footage that the Plaintiffs attorney has previously requested a "Litigation Hold" on.

Claim 2

During June 2021, and up until June 2022, the Plaintiff had his due process rights violated many times, all due to Mr. Cray and Mrs. Ayala-Pena retaliating against him for exercising his constitutional rights.

The Plaintiff is entitled to TEAM MEETINGS once a year, which according to BOP Policy (Bureau of Prisons - Policy) include the Plaintiff, and his/her Correctional Counselor (Mr. Cray), Case Manager (Mrs. Ayala), Unit Manager, and a representative from the Education Department, and a representative from the Psychology Department. During these collective meetings, the staff collaborate with the inmate (the Plaintiff) to identify courses, goals, financial responsibility payment terms, and other productive matters. Another major action that takes place at these meetings, is that the inmate is scored. This can result in the inmate being transferred to either a lower security facility, a higher security facility, or no transfer at all, based on the scoring that the inmate received.

The Plaintiff was not only deprived of these full collective effort meetings, but was forced to sign agreements that were already prepared without his or other staffs input. Furthermore, the Plaintiff was threatened by Mr. Cray and Mrs. Ayala-Pena prior to these meetings, that he would not be scored properly due to his constant complaints. These actions not only violated Plaintiffs due process, but was the proximate cause of the Plaintiff later suffering physical harm.

Upon the Plaintiff being threatened by staff, the Plaintiff notified certain FCI Sheridan staff who made a report of the incident(s), and informed the Plaintiff that he could have his counsel subpoena them. In addition, the Plaintiff notified his attorney who then attempted to make contact with Mr. Cray and Mrs. Ayala-Pena via phone calls and express mail with tracking.

Specifically, the Plaintiff was informed that "since he wants to file complaints, that they would only lower his score to 13 rather than 11", since he is exercising his so-called constitutional rights". This then took place on November 30, 2021. Due to this deliberate retaliation (Mrs. Ayala not scoring the Plaintiff correctly) the Plaintiff was forced to stay at a Medium Security Institution (FCI Sheridan) instead of being transferred to a ▉ Minimum Security Camp (had Plaintiff rightfully received his correct score).

The Plaintiff attempted to file a Request for Administrative Remedy on several occassions, but it was only met with even further threats from Mr. Cray. Finally, the Plaintiff was able to file a BP-8, BP-9, BP-10, and then was halted by a threat and serious adverse action to the Plaintiff.

Plaintiff will prove these claims through FCI Sheridan records, documents, and policy, along with security footage that has a "Litigation Hold" notice.

Claim 3

From June 2021 to June 2022, Mr. Cray and Mrs. Ayala-Pena conspired together to create fraudulent federal documents that would directly harm the Plaintiff, and compromise the safety and security of the institution. These actions resulted in Cruel and Unusual Punishment directly and indirectly to the Plaintiff.

Claim 4

From June 2021 to June 2022, Mr. Cray and Mrs. Ayala-Pena threatened the Plaintiff directly and indirectly. Majority of the threats came from Mr. Cray, as he would directly and indirectly threaten the Plaintiff about inmates finding out about the Plaintiff cooperating with the government, and the swift and cruel punishments that he (Mr. Cray) could impose on the Plaintiff for filing complaints.

The limited threats from Mrs. Ayala-Pena revolved around indirectly informing the Plaintiff that he could not go to camp if he kept on complaining, and that he could have to go the long way around to get to camp.

These threats soon turned into action, and unfortunately intensified, causing the Plaintiff to be assaulted, battered, and extorted. Inmates were even granted relief for harming the Plaintiff.

Claim 5

On April 25, 2022 the Plaintiff was informed by staff that he was ~~mmmmmmy~~ ready to be processed for a transfer to a new institution. Mrs. Ayala conspired with others to delay the Plaintiffs paperwork being submitted for transfer in further retaliation, and specifically for him (the Plaintiff) filing a Federal Tort Claim Act against Mr. Cray.

The Plaintiff at this point had been housed in the SHU for the last 4 months, and ultimately did not have his transfer paperwork submitted until almost June. Despite the average ~~stay~~ for an inmate in the SHU (in the Bureau of Prisons) being 3.98 weeks, due to Mrs. Ayala-Pena, Mr. Cray, and SIS Officer David Prock Jr, actions of retaliation, kept ~~mm~~ the Plaintiff in the SHU for over 21 weeks. The Plaintiff claims this violated his due process, and was an intended cruel and unusual punishment.

It should be noted that the Plaintiff was placed in the SHU for being extorted, after they were informed by Mr. Cray that the Plaintiff cooperated with the FBI.

Claim 6

In November of 2021, Mrs. Ayala-Pena forced by threatening the Plaintiff with a "refusal to participate in FRP" to sign a FRP Contract for $400.00 per month, knowing that the Plaintiff could not afford it. The Plaintiff explained to Mrs. Ayala-Pena that he had extra funds sent in for his written correspondence vocational/education program, and to place funds in his Pre-Release Account as she (Mrs. Ayala-Pena) had previously directed him (the Plaintiff) to do so, yet as further retaliation for the Plaintiff filing a complaint against her (Mrs. Ayala-Pena) she intentionally set the Plaintiff up for failure. The FRP Contract required $400.00 be paid monthly by the Plaintiff (which was originally at $25.00 every 3 months), however listed no payment date.

This was done to cause harm to the Plaintiff as other inmates with similar deposit amounts had/were not subject to such large payments. Despite the Plaintiffs numerous emails and request, Mrs. Ayala-Pena did not adjust the contract nor tell the Plaintiff when the payments were due. Ultimately, the Plaintiff missed two payments and was placed in a "FRP Refusal" status, and bumped up from 13 points to 14 points (another practice not done to other inmates).

For 6 months the Plaintiff requested a new FRP contract so that he could make payments (restitution), yet Mrs. Ayala-Pena refused (another practice not done to other inmates, as they receive new contracts upon request). Ultimately in June 2022, the Plaintiff was placed back on $25.00 quarterly payment once the parties

became aware of the Plaintiff working on this lawsuit through a room search.

## Claim 7

From June 2021 to June 2022, the Plaintiffs attorney tried getting in contact with the Plaintiff via legal calls, however, was intentionally denied access and blocked from his client (the Plaintiff) once Mr. Cray and Mrs. Ayala-Pena became aware of the litigation to come due to their actions. The Plaintiffs attorney made countless calls to the staff, and even wrote them (Mrs. Ayala-Pena and Mr. Cray) via express mail with tracking, requesting to set an appointment call up with his client (the Plaintiff).

During this same time period, the Plaintiff submitted numerous paper request to Mr. Cray for legal calls. Mr. Cray would deny, lose, and ultimately return unanswered to the Plaintiff. These actions of blocking the Plaintiff from his attorney resulted in many adverse actions and damages occuring to the Plaintiff. The Plaintiff ultimately had to pursue cases and motions Pro Se, and didn't have the expertise of his attorney, due to Mr. Cray and Mrs. Ayala-Pena, ultimately resulting in the Plaintiff losing his motions, having to let-go or delay suits, and be left without legal assistance, violating the Plaintiffs right to the court and counsel.

Claim 8

In September 2021, the Plaintiff contracted Covid-19 and was sent to the hospital. Upon returning to FCI Sheridan, days later he requested his legal books and material being that he was placed in the gym for quaratine.

FCI Sheridan staff attempted to get the Plaintiff his legal resources by requesting them from Mr. Cray and Mrs. Ayala-Pena. Unfortunately, both Mr. Cray and Mrs. Ayala-Pena refused to bring, release, or have the Plaintiffs legal resources released to him. FCI Sheridan staff grew concerned and informed the Plaintiff that he should file a complaint. Staff even stated that they were going to email Ms. Ayala-Pena to get her response on record. Upon receiving the email, Mrs. Ayala-Pena replied and told the staff that the Plaintiffs legal resources were contaminated, and therefore he couldn't have them.

Ultimately, Mr. Cray and Mrs. Ayala-Pena let inmates pack-up the Plaintiffs room (which is against BOP Policy) and "lost" nearly all of the Plaintiffs legal resources and books. Over $1,200.00 worth of books were lost or destroyed. The Plaintiff ended up filing a Federal Tort Claim (# TRT-SER-2022-04081). These actions by Mr. Cray and Mrs. Ayala-Pena were deliberate, and violated the Plaintiffs right to access to the court, cruel and unusual punishment, and were intentionally. The Plaintiff filed a complaint, and was once again threatened causing the Plaintiff to stop out of fear.

Claim 9

From June 2021, and until June 2022 the Plaintiff consistently filed or attempted to file a complaint, otherwise known as a Request for Administrative Remedy, each time his rights were violated. These actions (the Plaintiff exercising his constitutional Rights) by the Plaintiff resulted in adverse action(s) such as retaliation and a campaign of harrassment against him by Mr. Cray and Mrs. Ayala-Pena.

The Plaintiff was threatened that physical harm would come to him if he continued on, and as promised and directed by Mr. Cray, these threats materialized ultimately causing the Plaintiff serious harm, and making the right for the Plaintiff to petition the government for redress of grievances, unavailable to him.

The Plaintiff plans to show through FCI Sheridan records, inmate and staff affidavits, and security footage these wrongful acts committed towards him (the Plaintiff) by Mr. Cray and Mrs. Ayala-Pena, which resulted in the Plaintiff being damaged and having an adverse course of action.

Claim 10

On September 13, 2021 the Plaintiff suffered a debilitated injury and had to be taken to the hospital. Since then the Plaintiff has been wheelchair bound and became protected by the Americans with Disabilities Act (ADA).

Despite Mr. Cray and Mrs. Ayala-Pena knowing that the Plaintiff had been declared "wheelchair bound" by the FCI Sheridan medical staff, they refused to provide him reasonable accomendation. The 2A and 2B Housing Units did not have a proper ADA compliant shower, nor even a bench/seat for the Plaintiff to sit and wash himself. While housed in the 2A Housing Unit, Mr. Cray and Mrs. Ayala-Pena refused to placed the Plaintiff in the ADA larger cell, and informed him that room has storage items in it. Furthermore, the Plaintiff could not wash his clothing or do any laundry, get hot water or ice, or even access the law library or computers, as these items were all upstairs, and unavailable to the Plaintiff unless someone picked him up and carried him, due to the housing unit not being ADA compliant.

The Plaintiffs reasonable request were often met with extreme disregard, mockery, and careless disregard. Ultimately, Mr. Cray claimed not to know what ADA was, as he (Mr. Cray) did not want to assume. Due to these actions the Plaintiff suffered many injuries and damages trying to live in the non-ADA housing unit.